# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| THE CITY OF BRUNSWICK, GEORGIA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )         2:23-CV-92 ) |
| SOUTHEASTERN EDUCATIONAL SERVICES, INC., | ) ) ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff's motion to remand. Dkt. No. 10. For the following reasons, the Court **GRANTS** the motion.[1]

**BACKGROUND**

The City of Brunswick, Georgia ("Plaintiff"), filed a complaint against Southeastern Educational Services, Inc. ("Defendant"), a community ministry that runs a homeless center. Dkt. No. 9-1. The suit was filed in the Superior Court of Glynn County and sets forth state law causes of action only. Id. at 2-8. On August 4, 2023, Defendant removed the action to this Court alleging federal jurisdiction based on federal laws—the First Amendment to the United States Constitution and the Religious Land

---

[1] Plaintiff seeks an unspecified amount of attorney's fees in its motion to remand. The Court declines to award fees as explained more fully below.

Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc et seq.[2] Dkt. Nos. 1, 11.  Defendant's chief problem is that Plaintiff's complaint is not based on federal law, even if Defendant's *defenses* will be.

The Court noted doubts about whether federal jurisdiction exists and directed the parties to respond in an expedited manner. Dkt. No. 7.  In short—they did, and it doesn't.  That is, each side rapidly filed succinct briefs, including Plaintiff's motion to remand.  The Court has considered the briefs and agrees with Plaintiff.  No federal jurisdiction exists, and the Court is required to remand the case.

## DISCUSSION

"A removing defendant bears the burden of proving proper federal jurisdiction." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002).  "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008).

When, as here, the removing party claims that federal jurisdiction exists because of a federal question under the U.S. Constitution or federal statute, ordinarily the particular federal question must be presented on the face of the plaintiff's

---

[2] No one contends diversity jurisdiction applies.

2

complaint. That is, the plaintiff's causes of action must be based on federal law. Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006). State law cases may not be removed to federal court on the basis of federal defenses, even if the defenses are important and central to the case. Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

Here, Plaintiff's complaint states only state law causes of action, so the ordinary course would be to keep them in the state system. Likewise, the fact that Defendant plans on using federal laws as defenses will not ordinarily support removal. There are, however, two exceptions.

First, in a slim class of cases, federal question jurisdiction will lie over state-law claims that implicate significant federal issues if the removing defendant proves all of the four criteria. The Defendant must show that a state claim involves a federal issue that is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Gunn v. Minton, 568 U.S. 251, 258 (2013). In the present case, Defendant has cited a number of cases in which the laws he raised were litigated in federal court. This provides some support relevant to some of the prongs. However, these cases do not carry the day in proving the exception above. Indeed, most prove the rule, not the exception. That is, the cited cases were in federal

3

court because the *complaint* named federal laws.  In the present case, Defendant has not shown how each of the Gunn factors is satisfied.

The second, and even more limited, exception is the complete preemption doctrine.  It opens the doors to the federal courthouse for a state complaint to walk through only in extraordinarily rare circumstances where "the pre-emptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  Caterpillar, 482 U.S. at 393 (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)).  Such complete preemption has only ever been found to exist with respect to two statutes, neither of which is relevant here:  the Labor-Management Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act, 29 U.S.C. § 1132.

Defendant has not carried its burden of showing that this Court should add a third statute to this most exclusive pair.

## CONCLUSION

Federal causes of action were not included in the complaint.  Defendant has not carried its burden of showing that the case falls within one of the narrow exceptions that permit state law claims to be removed based on federal jurisdiction.  The motion to remand is **GRANTED**.

The Court has discretion to award attorney's fees upon remand but declines to do so in this case after giving due consideration to the request. Fees are not awarded automatically on remand, nor is there a presumption that they should be awarded at all. <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 136 (2005). In the present case, Plaintiff suffered only a brief delay as a result of the brief removal. Although Defendant was wrong in any belief that this case could fit into the slim class of cases that satisfy all four prongs of the "significant federal issue" exception, the Court does not find a complete lack of objective reasonableness.

The case is hereby **REMANDED** to the Superior Court of Glynn County for complete disposition. The Clerk of Court is **DIRECTED** to close this federal action.

**SO ORDERED** this 15th day of August, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA